La Jueza Asociada Oronoz Rodríguez
emitió la opinión del Tribunal.
(Regla 50)
En esta ocasión nos corresponde resolver si el periodo de tiempo que una persona acusada estuvo no procesable —por motivo de no comprender la naturaleza de los procedimientos en su contra— debe descontarse de la pena impuesta mediante sentencia una vez la persona acusada ad-vino procesable y se reanudaron los procedimientos. Por las razones que se ofrecen a continuación contestamos afirmativamente esa pregunta y resolvemos que un acusado sumariado, que es declarado “no procesable”, continúa estando privado de su libertad para efecto de la Regla 182 de Procedimiento Criminal, 34 LPRA Ap. II, y del Artículo 68(a) del Código Penal, 33 LPRA see. 5101, disposiciones que reglamentan el tiempo que ha de abonarse a la sentencia en un caso como el de autos.
*784 HH
El 12 de mayo de 2014, al Sr. Edwin Méndez Pérez (peticionario) se le encontró causa para arresto por infracción al Art. 58 de la Ley Núm. 246-2011, conocida como Ley para la Seguridad, Bienestar y Protección de Menores (Ley Núm. 246), el cual está catalogado como un delito grave. 8 LPRA see. 1174. En la misma fecha el peticionario fue puesto en detención preventiva al no pagar la fianza impuesta.
El 27 de mayo de 2014, su abogada le informó al Tribunal de Primera Instancia que el peticionario parecía no entender los procedimientos en su contra “por razón de defecto y/o condición mental".(1) A raíz de ello, en esa misma fecha el juez suspendió los procedimientos y citó a las partes a una vista al amparo de la Regla 240 de Procedimiento Criminal, 34 LPRA Ap. II, que habría de celebrarse el 11 de junio de 2014 y en la que se determinaría la capacidad del peticionario para encarar el procedimiento penal.
No obstante, la vista no se llevó a cabo, pues el Departamento de Corrección y Rehabilitación no transportó al peticionario al hospital de psiquiatría para una evaluación previa. Por las mismas razones, otra vista pautada para el 9 de julio de 2014 tampoco pudo efectuarse. Finalmente, el 13 de agosto de 2014 tuvo lugar la vista, en la cual, luego del testimonio del perito psiquiatra nombrado por el tribunal, se determinó que el peticionario se encontraba no procesable. Allí, el juez de instancia ordenó “el traslado del confinado a Psiquiatría Forense de Río Piedras tan pronto haya una cama disponible”.(2)
En los meses siguientes, el Tribunal de Primera Instancia citó a las partes a varias vistas de seguimiento. Algunas de éstas se pospusieron porque el Departamento de *785 Corrección y Rehabilitación no llevó al peticionario a la evaluación previa; otras sí se efectuaron y en ellas se concluyó que el peticionario continuaba no procesable.
En la vista de seguimiento que tuvo lugar el 17 de febrero de 2015, luego de las correspondientes evaluaciones, se determinó que el peticionario ya se encontraba mentalmente capacitado para enfrentar el proceso. De manera que el 18 de marzo de 2015 se realizó la vista preliminar y se encontró causa para acusar por infracción al Art. 58 de la Ley Núm. 246, supra. Las partes fueron citadas para el 26 de marzo de 2015, fecha en que tendría lugar la lectura de acusación y el juicio en su fondo.
Sin embargo, el 26 de marzo de 2015, el Ministerio Público le informó al tribunal que había llegado a un acuerdo con el peticionario para que la denuncia fuera reclasificada a los efectos de imputar violación al Art. 136 del Código Penal del 2012 (33 LPRA see. 5197) —el cual es un delito menos grave, con pena máxima de seis meses de cárcel— en lugar del Art. 58 de la Ley Núm. 246, supra. A cambio de ello, el peticionario haría alegación de culpabilidad por violación al referido Art. 136 del Código Penal, supra. Luego de los trámites de rigor, el tribunal aceptó el acuerdo y ordenó enmendar el pliego acusatorio.
Acto seguido, el juez declaró culpable al peticionario por el Art. 136 del Código Penal, supra, y lo sentenció a seis meses de cárcel. Utilizando el análisis que pautó este Tribunal en Pueblo v. Pagán Medina, 178 DPR 228 (2010), caso que versaba sobre la manera de calcular el término máximo de seis meses de detención preventiva cuando el acusado está no procesable, el juez procedió a descontar de la sentencia el término de un mes y veinte días por motivo del tiempo que el peticionario había estado “en preventiva”.(3) Esto es, solamente contó del 12 de mayo de 2014 —cuando fue detenido por no pagar fianza— hasta el 25 de mayo de 2014 y del 17 de febrero de 2015 —cuando se concluyó que ya se encon *786 traba procesable— hasta el 26 de marzo de 2015, fecha en que dictó sentencia. Así pues, no consideró el periodo en el que el peticionario había estado no procesable, desde el 27 de mayo de 2014 hasta el 17 de febrero de 2015.
Oportunamente, la representación legal del peticionario solicitó reconsideración y alegó que éste había cumplido en exceso de la pena impuesta, pues llevaba en prisión desde el 12 de mayo de 2014 y por lo tanto —en atención a la Regla 182 de Procedimiento Criminal, 34 LPRAAp. II, y al Art. 68(a) del Código Penal del 2012 (33 LPRA see. 5101)— se le debía abonar a la sentencia todo ese tiempo. La reconsideración fue declarada “sin lugar”.
El peticionario recurrió al Tribunal de Apelaciones y reiteró su planteamiento. El Ministerio Público, representado por la Oficina de la Procuradora General, presentó un escrito en el cual, luego de exponer el derecho aplicable, concluyó: “tomando en cuenta las circunstancias particulares de este caso, no nos oponemos a la solicitud del peticionario”.(4)
El 27 de mayo de 2015, notificado el 28 de mayo, el Tribunal de Apelaciones dictó sentencia, en la que modificó la decisión del Tribunal de Primera Instancia a los únicos efectos de descontar dos días adicionales de la sentencia.(5) En todo lo demás, el foro intermedio confirmó al de primera instancia.(6)
Inconforme con esta determinación, el 2 de junio de 2015 el peticionario presentó ante este Tribunal una Petición de Certiorari y señaló como único error:
*787 Erró el honorable Tribunal de Apelaciones al confirmar una sentencia del tribunal de instancia que dispone que no se abone al cumplimiento de la sentencia del peticionario la totalidad del tiempo en que éste estuvo privado de su libertad, contrario a lo dispuesto por el estado de derecho vigente.(7)
En la misma fecha, el peticionario también presentó una Moción en Solicitud de Orden Provisional en Auxilio de Jurisdicción. En ésta nos solicitó que, en vista de que había estado sumariado por un periodo de tiempo mayor al de la pena impuesta, ordenáramos su excarcelación mientras atendíamos el recurso de certiorari. El 5 de junio de 2015, declaramos “con lugar” la Moción en Solicitud de Orden Provisional en Auxilio de Jurisdicción y ordenamos la excarcelación sujeto a ciertas restricciones que estarían en vigor hasta que dispusiéramos finalmente de la controversia.
Al amparo de la Regla 50 del Reglamento de este Tribunal, 4 LPRAAp. XXI-B, procedemos a expedir el recurso de certiorari y resolver esta controversia.(8)
HH hH
A. La Sec. 11 del Art. II de la Constitución del Estado Libre Asociado de Puerto Rico, LPRA, Tomo 1, ed. 2008, pág. 344, establece, en lo pertinente: “[l]a detención preventiva antes del juicio no excederá de seis meses”. Este Tribunal ha expresado anteriormente que el término “detención preventiva” se refiere al periodo anterior al juicio en el cual el acusado se encuentra sumariado debido a que no prestó fianza. Ruiz v. Alcaide, 155 DPR 492, 503 (2001); Pueblo v. González Vega, 147 DPR 692, 701 (1999). La referida disposición constitucional dispone que el juicio contra el acusado detenido preventivamente debe comen *788 zar no más tarde de seis meses o, de lo contrario, el acusado será puesto en libertad sin que ello implique la desestimación de la causa. E.L. Chiesa Aponte, Derecho procesal penal de Puerto Rico y Estados Unidos, Bogotá, Ed. Forum, 1995, Vol. II, págs. 333-334.
La detención preventiva que no excede de seis meses forma parte de las garantías sobre juicio rápido que reconoce nuestro ordenamiento. Pueblo v. Torres Rodríguez, 186 DPR 183, 191 (2012). Ésta pretende desincentivar la dilación y promover que el Ministerio Público actúe diligentemente, limitando su autoridad para mantener bajo custodia indefinida a un acusado que no pagó fianza y que se presume inocente hasta que se pruebe lo contrario. Id; Pueblo v. Alcaide, supra, pág. 503; O.E. Resumil, Derecho procesal penal, New Hampshire, Ed. Butterworth, 1993, T. 2, Sec. 25.4(a), pág. 248.
En Pueblo v. Pagán Medina, supra, interpretamos la relación entre esta garantía constitucional y la Regla 240 de Procedimiento Criminal, supra, la cual versa sobre el procedimiento que se ha de seguir cuando se cuestiona si un acusado se encuentra mentalmente capacitado para encarar el procedimiento penal en su contra. En Pueblo v. Pagán Medina, supra, pág. 244, dijimos que el término durante el cual el imputado se encuentra no procesable debe excluirse de los seis meses que tiene el Estado para dar comienzo al juicio. Establecimos que ese término se cuenta desde que el juez tiene base razonable(9) para dudar de la capacidad mental del acusado; ello a pesar de que esa determinación inicial se debe confirmar en una vista posterior con la ayuda de peritos, así como de otra evidencia. Id., pág. 246. El fundamento detrás de esa conclusión es que el procedimiento contra el acusado se suspende desde que el *789 juez hace la determinación de base razonable y, por lo tanto, el Ministerio Público está impedido de actuar. Id., pág. 243. Un término de juicio rápido no debe, pues, operar contra el Ministerio Público cuando éste se halla incapacitado para actuar.(10)
B. Nuestro ordenamiento también reconoce que una persona convicta no debe permanecer privada de su libertad más tiempo del que se disponga en la sentencia. Este principio se articula principalmente a través de dos disposiciones legales: la Regla 182 de Procedimiento Criminal, supra, y el Art. 68 del Código Penal de 2012, supra. La primera de éstas establece:
El tiempo que hubiere permanecido privada de su libertad cualquier persona acusada de haber cometido cualquier delito público se descontará totalmente del término que deba cumplir dicha persona de ser sentenciada por los mismos hechos por los cuales hubiere sufrido dicha privación de libertad.
Asimismo, y en lo pertinente, el Art. 68(a) del Código Penal, supra, dispone:
A la persona convicta de delito se le abonarán los términos de detención o reclusión que hubiera cumplido, en la forma siguiente:
(a) El tiempo de reclusión cumplido por cualquier convicto desde su detención y hasta que la sentencia haya quedado firme, se abonará en su totalidad para el cumplimiento de la pena, cualquiera que sea ésta.
Anteriormente hemos dicho que ambas disposiciones deben interpretarse en conjunto. Pueblo v. Contreras Severino, 185 DPR 646, 657 (2012) (citando con aprobación el Informe de Reglas de Procedimiento Penal del Secretariado de la Conferencia Judicial y Notarial, Tribunal Su *790 premo de Puerto Rico, 2008). Así, para que aplique la bonificación que disponen la Regla 182 de Procedimiento Criminal, supra, y el Art. 68(a) del Código Penal, supra, “hace falta que [al imputado] se le prive de su libertad, se le acuse y, posteriormente, se le ingrese para cumplir una sentencia por los mismos hechos por los que se le detuvo en primera instancia”. Pueblo v. Contreras Severino, supra, pág. 657. Por su parte, la profesora Dora Nevares-Muñiz ha expresado que el Artículo 68, supra, “provee para el abono de la pena de los días en que la persona estuvo recluida previo a que su sentencia fuera firme o bajo alguna medida de restricción de libertad anulada o revocada”. D. Nevares-Muñiz, Derecho penal puertorriqueño: parte general, 7ma ed. rev., San Juan, Inst, para el Desarrollo del Derecho, 2015, pág. 383.
Así pues, al considerar el propósito y el efecto de disposiciones como la Regla 182 de Procedimiento Criminal, supra, y el Art. 68(a) del Código Penal, supra, surge diáfanamente que ambas giran alrededor del hecho de la privación de libertad que sufre el acusado durante el curso del procedimiento penal. Pueblo v. Contreras Severino, supra, pág. 657. Reconociendo estas circunstancias y basándose en el valor que en nuestro ordenamiento jurídico tiene la libertad del individuo, ambas disposiciones ordenan que el tiempo que una persona acusada permanezca privada de su libertad, pendiente la conclusión del proceso en su contra, se abone a la pena impuesta mediante sentencia por los mismos hechos.
Al aplicar la Regla 182 de Procedimiento Criminal, supra, y el Artículo 68(a) del Código Penal, supra, en circunstancias como la de autos, los tribunales no pueden emplear el mismo análisis utilizado en Pueblo v. Pagán Medina, supra, pues éste fue pensado para algo distinto; esto es, para calcular el tiempo que debe excluirse del cómputo del término máximo de seis meses de detención preventiva. El razonamiento en ese caso no reparó (no te *791 nía por qué hacerlo) en el hecho per se de si el allí imputado continuó estando privado de su libertad, luego de que se encontró base razonable para dudar de su capacidad mental para enfrentar el juicio. Por el contrario, lo decisivo en Pueblo v. Pagán Medina, supra, fue precisar el momento en que, por motivo de la determinación de base razonable, los procedimientos quedaron suspendidos y, por lo tanto, el término de seis meses de detención preventiva antes del juicio dejó de transcurrir contra el Ministerio Público. “Es desde ese momento [de la determinación de base razonable] que el ciudadano no está sujeto a ser procesado, la privación de su libertad responde a otras razones y, por ende, no se encuentra bajo detención preventiva”. Pueblo v. Pagán Medina, supra, pág. 244.
Por su parte, en el caso de la Regla 182 de Procedimiento Criminal, supra, y del Art. 68(a) del Código Penal, supra, lo decisivo es el tiempo que una persona haya estado privada de su libertad desde el momento en que inició el procedimiento penal y hasta que se dictó la sentencia condenatoria. Ello, independientemente de si el procedimiento penal contra el acusado sumariado estuvo suspendido en algún momento por motivo de una determinación de no procesabilidad. Para propósitos de abonar a la sentencia el tiempo que estuvo detenido, lo determinante no es si el Ministerio Público se hallaba imposibilitado de actuar, sino la efectiva privación de libertad en la que se encontraba el acusado no procesable.
I—I l-H I—I
Por no prestar fianza, el peticionario fue puesto en detención preventiva el 12 de mayo de 2014. El 27 de mayo de 2014, el juez concluyó de manera preliminar que el peticionario se encontraba no procesable, por lo cual suspendió los procedimientos y citó a las partes a una vista según la Regla 240 de Procedimiento Criminal, supra. Debido a dilaciones *792 atribuibles al Departamento de Corrección y Rehabilitación, esa vista no se celebró hasta el 13 de agosto de 2014, cuando se confirmó la determinación preliminar de que el peticionario se encontraba no procesable y se ordenó que fuera trasladado a Psiquiatría Forense de Río Piedras. El 17 de febrero de 2015, el tribunal concluyó que el peticionario se encontraba mentalmente capacitado para someterse al procedimiento penal, por lo cual el 26 de marzo de 2015 lo declaró culpable por infracción al Art. 136 del Código Penal, supra, y lo sentenció a seis meses de cárcel.
Tras aplicar el análisis de este Tribunal en Pueblo v. Pagán Medina, supra, el juez de instancia descontó de la sentencia el término de un mes y veinte días en concepto de detención preventiva; esto es, desde el 12 de mayo de 2014 hasta el 25 de mayo de 2014 y desde el 17 de febrero de 2015 hasta el 26 de marzo de 2015. El Tribunal de Apelaciones confirmó por el mismo fundamento, pero modificó la sentencia para descontar dos días adicionales de la condena.
Como adelantáramos, erraron los tribunales recurridos al abonar solamente el tiempo que el peticionario estuvo en detención preventiva, obviando el hecho de que éste siguió privado de su libertad luego de que se suspendieran los procedimientos por razón de no ser procesable. Una persona acusada no deja de estar bajo la custodia y la jurisdicción del Estado por el hecho de no encontrarse procesable. Pueblo v. Pagán Medina, 175 DPR 557, 573 (2009); Ruiz v. Alcaide, supra, pág. 501; Chiesa Aponte, op. cit., Vol. III, págs. 362-363. Los cargos criminales continúan pendientes y la razón del tratamiento es que el acusado recupere la capacidad para que pueda ser sometido al proceso y juzgado.(11) Tampoco se trata en estos casos de un privilegio *793 o de una decisión voluntaria; el juez, bajo fundamentos de debido proceso de ley, está obligado a suspender los procedimientos y ordenar el traslado para tratamiento. Ruiz v. Alcaide, supra, pág. 501; Chiesa Aponte, op. cit., Vol. III, pág. 349. Es decir, a pesar del tratamiento clínico, el Estado continúa privando de su libertad al acusado de una manera coercitiva.
Por lo tanto, al momento de aplicar la Regla 182 de Procedimiento Criminal, supra, y el Art. 68(a) del Código Penal, supra, para descontar de la sentencia el tiempo que el peticionario estuvo privado de su libertad, los foros recurridos debieron incluir el periodo en el cual el peticionario estuvo no procesable; periodo que comenzó el 27 de mayo de 2014 con la determinación preliminar de no procesabilidad y que culminó el 17 de febrero de 2015 cuando, luego de la evaluación y testimonio del perito, se pudo concluir que ya podía encarar el proceso en su contra. De haberlo hecho así, resultaba que el 26 de marzo de 2015, al dictarse la sentencia de seis meses de cárcel, ya el peticionario ha bía cumplido con la condena, pues llevaba privado de su libertad desde que fue puesto en detención preventiva el 12 de mayo de 2014; es decir, desde hacía más de diez meses. Incidieron, pues, los foros recurridos al no dar por cumplida la sentencia desde el momento mismo en que ésta fue dictada.
IV
Por los fundamentos expuestos, revocamos la determinación del Tribunal de Apelaciones, así como la del Tribunal de Primera Instancia. Se confirma la orden de excarcelación dictada por este Tribunal el 5 de junio de 2015 y se ordena la eliminación de cualquier restricción de libertad impuesta.

Se dictará Sentencia de conformidad.

Así lo pronunció y manda el Tribunal y lo certifica la *794 Secretaria del Tribunal Supremo Interina. El Juez Asociado Señor Rivera García concurrió con una opinión escrita, a la cual se unió la Jueza Asociada Señora Pabón Charneco. La Juez Asociada Señora Rodríguez Rodríguez concurrió sin opinión escrita. El Juez Asociado Señor Estrella Martínez emitió una opinión de conformidad.

 Resolución y orden, Apéndice, pág. 19.

 El expediente judicial a nuestra disposición no nos permite determinar concluyentemente si el señor Méndez Pérez fue internado por algún periodo de tiempo en la referida institución. Sin embargo, como se verá, ello no nos impide resolver la controversia.

 Sentencia nunc pro tune, Apéndice, pág. 34.

 Escrito en cumplimiento de orden, Apéndice, pág. 46.

 El Tribunal de Apelaciones concluyó que el Tribunal de Primera Instancia había calculado mal el tiempo de detención preventiva, pues contó desde el 12 de mayo de 2014 hasta el 25 de mayo de 2014, cuando realmente no fue hasta el 27 de mayo de 2014 que el juez suspendió los procedimientos por entender que el peticionario se encontraba no procesable.

 Al igual que el Tribunal de Primera Instancia, el Tribunal de Apelaciones fundamentó su decisión en el análisis llevado a cabo por este Tribunal en el caso Pueblo v. Pagán Medina, 178 DPR 228 (2010).

 Petición de certiorari, pág. 7.

 Dado que el Ministerio Público se allanó a la solicitud del peticionario ante el Tribunal de Apelaciones, en aras de agilizar el trámite ante nos hemos prescindido de requerir su alegato según nos lo permite la Regla 50 del Reglamento de este Tribunal, 4 LPRAAp. XXI-B.

 Con posterioridad a la decisión en el caso Pueblo v. Pagán Medina, supra, la Regla 240 de Procedimiento Criminal, 34 LPRA Ap. II, se enmendó a los efectos de modificar el estándar de base razonable por el de preponderancia de la prueba.

 “Mientras el imputado, en quien se ha encontrado ‘base razonable’ para ordenar la evaluación de su condición mental, se encuentre en espera de tal evaluación, el Ministerio Público se encuentra, a su vez, legal y constitucionalmente vedado —‘con las manos atadas’— de proseguir con el procedimiento criminal que tiene el deber de ejecutar”. (Enfasis suprimido). Pueblo v. Pagán Medina, supra, pág. 243.

 Claro, si después de un tiempo razonable bajo tratamiento el acusado continúa improcesable y no existe probabilidad sustancial de que ello vaya a cambiar, “se [le] debe liberar de la institución adecuada del Estado donde recibe tratamiento, salvo que estén presentes circunstancias tácticas que señalen que debe ser internado involuntariamente bajo dicho procedimiento de internación civil”. (Citas omitidas y énfasis en el original). Ruiz v. Alcaide, 155 DPR 492, 507 (2001).